IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF OREGON

MARY WORTHINGTON,                              Civ. No. 07-6086-HO

              Plaintiff,                       ORDER

      v.

STATE OF OREGON, et al.,

              Defendants.

   The complaint alleges claims for disability discrimination in violation of the Rehabilitation Act. Defendants filed a motion for summary judgment and two documents entitled "Motions to Strike." For the reasons that follow, defendants' motions are denied.

## Discussion

   Defendants ask the court to strike portions of plaintiff's statements of facts and evidence. These documents are not subject to a motion to strike. Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

   In their opening brief, defendants argue that plaintiff's

claim of disparate treatment is barred by the two-year statute of limitations. In response, plaintiff contends that conduct without the limitations period is actionable because it contributed to the same hostile work environment as conduct within the limitations period. In reply, defendants argue that the complaint does not provide fair notice of a claim for hostile work environment. Defendants' reply brief does not address the limitations defense.

Plaintiff's second claim includes specific factual allegations supporting more general allegations that defendants discriminated against plaintiff in the terms and conditions of employment by subjecting her to, <u>inter alia</u>, "increased scrutiny, criticism, harass[ment], . . . punitive and retaliatory working requirements . . . and terminat[ion] . . . because of . . . disability." Complaint at 12, ¶ 48. Plaintiff is not required to set forth her particular legal theory. <u>Alvarez v. Hill</u>, 518 F.3d 1152, 1157 (9th Cir. 2008). A hostile work environment theory is consistent with plaintiff's second claim and the claim provides the fair notice required by Rule 8 of the Federal Rules of Civil procedure.

In support of her second claim, plaintiff produced evidence of supervisor conduct within the limitations period. Worthington Decl., ¶ 52. As noted, defendants do not address the application of the limitations defense to plaintiff's continuing hostile

environment theory. The court cannot conclude sua sponte that the claim is time-barred. See <u>Morgan v. National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101 118-19 (2002). Summary judgment based on the limitations defense is denied.

Summary judgment on plaintiff's failure to accommodate claim is denied based on disputed issues of fact regarding whether plaintiff's requested accommodation of part-time work is reasonable, and whether defendant failed to engage in the interactive process following plaintiff's request for part-time work.

## Conclusion

Based on the foregoing, defendants' motion for summary judgment [#26] and defendants' motions to strike [##53 & 56] are denied.

IT IS SO ORDERED.

DATED this ___26th___ day of August, 2008.


                                           ___s/ Michael R. Hogan___
                                           United States District Judge